**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 19-cr-10115-PBS |
| | ) | |
| DAVINA ISACKSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT MEMORANDUM IN SUPPORT OF THE PARTIES' JOINT MOTION FOR
COURT INQUIRY PURSUANT TO FED. R. CRIM. P 44(c) AND
PROPOSED INQUIRY FOR DEFENDANT DAVINA ISACKSON**

On January 16, 2020, Defendant Davina Isackson will appear before this Court for an

inquiry pursuant to Rule 44(c) of the Federal Rules of Criminal Procedure and *United States v.*

*Foster*, 469 F.2d 1 (1st Cir. 1972).  The purpose of the hearing, which was jointly requested by

the parties, is to "inquire about the propriety of joint representation" and "personally advise

[Ms. Isackson] of the right to the effective assistance of counsel, including separate

representation."  Fed. R. Crim P. 44(c)(2); *see also Foster*, 469 F.2d at 4-5.  Specifically, Ms.

Isackson, who on May 1, 2019 pled guilty in this matter pursuant to a publicly-filed cooperation

agreement, is represented by David K. Willingham and Michael V Schafler of Boies Schiller

Flexner LLP ("BSF") and Peter E. Gelhaar and Alexander K. Parachini of Donnelly, Conroy &

Gelhaar, LLP ("DCG").  In a related but separately charged matter, *United States v. Sidoo, et*

*al.,* 19-CR-10080-NMG, other lawyers from the BSF firm represent Defendant Robert Zangrillo

and other lawyers from the DCG firm represent Defendant Mossimo Giannulli.  The conflict

issue in this case arises from the fact that Ms. Isackson is a cooperator and may be called as a

government witness in a trial against Mr. Zangrillo and/or Mr. Giannulli.  Both Messrs.

Zangrillo and Giannulli have already had their respective Rule 44(c) hearings in which each defendant knowingly and intelligently waived any potential or actual conflicts and their waivers were accepted by the Honorable Magistrate Judge Paige M. Kelley on June 11, 2019 (Zangrillo) and August 27, 2019 (Giannulli).[1]

The Government joins in the request for the Court to conduct the Rule 44(c) inquiry.  It does not oppose BSF's or DCG's continued representation of Ms. Isackson.  However, the Government reserves all its rights, in the future, to seek disqualification of counsel (for either Ms. Isackson, Mr. Zangrillo, or Mr. Giannulli) should the Government recognize that any conflict mandates either disqualification or further Court inquiry.

## I.       BACKGROUND UNDERLYING JOINT REQUEST FOR RULE 44(c) INQUIRY

In *Foster*, the First Circuit held that where there are conflict issues arising from joint representation in criminal prosecutions, trial courts shall "comment on some of the risks confronted by joint representation."  469 F.2d at 5.  Specifically, trial courts should "insure that defendants are aware of such risks, and to inquire diligently whether they have discussed the risks with their attorney, and whether they understand that they may retain separate counsel, or if qualified, may have such counsel appointed by the court and paid for by the government."  *Id.* In conducting the requested inquiry, there are several important considerations that Ms. Isackson and the Government respectfully bring to this Court's attention:

*First*, Ms. Isackson's defense counsel have advised her of the joint representation issues involving Messrs. Zangrillo and Giannulli.[2]  (Declaration of David K. Willingham

---

[1] The Court accepted Mr. Giannulli's oral and written waivers, and it indicated on the record that it was inclined to enter an order endorsing DCG's representation of Mr. Giannulli in light of the firm's representation of Ms. Isackson.  As of the filing of this Joint Memorandum, no written order has issued.

[2] The DCG firm also represented Peter Jan Sartorio, a defendant who pleaded guilty in the related case *United States v. Abbott*, Case No. 19-cr-10117.  Mr. Sartorio's case is terminated as he was sentenced on October 11, 2019 to a one-year term of probation and there is no appeal pending.

("Willingham Decl.") at ¶ 6; Declaration of Peter E. Gelhaar ("Gelhaar Decl.") at ¶ 4.)  She has

also been advised of her absolute right to separate and un-conflicted counsel.  (Willingham

Decl. at ¶ 6; Gelhaar Decl. at ¶ 4.)  Defense counsel have advised Ms. Isackson of the potential

risks associated with dual representation both generally and specifically regarding this case.

(Willingham Decl. at ¶ 6; Gelhaar Decl. at ¶ 4)  She has provided her informed consent, in

writing, to the continued representation by BSF and DCG.  (Willingham Decl. at ¶ 6; Gelhaar

Decl. at ¶ 4.)  Further, Ms. Isackson will execute this Court's Rule 44(c) waiver form expressly

attesting to her understanding of the risks associated with the joint representation and her right

to separate counsel, and her decision to continue the present representation.  (Willingham Decl.

at ¶ 7; Gelhaar Decl. at ¶ 8.)

*Second*, both BSF and DCG are aware of and take seriously their ethical obligations.

(Willingham Decl. at ¶ 3-4, 8; Gelhaar Decl. at ¶ 3-5, 9.)   The conflict issue in this case stems

from the notion that an attorney and his or her law firm are treated as one under rules of ethics.

Yet that presumption can be overcome where, as here, the law firm takes appropriate steps to

ensure that the conflicts that one attorney may suffer are not imputed to the rest of the firm.

Both BSF and DCG have instituted robust screening and separation measures to ensure that no

confidential information about the Isackson matter, on the one hand, passes or is available to the

lawyers representing Messrs. Zangrillo or Gianulli, on the other hand.  (Willingham Decl. at ¶

4; Gelhaar Decl. at ¶ 5.)  More specifically,

- Both BSF and DCG have ensured and communicated to all lawyers and staff that no

  attorney or non-attorney staff who is working on Ms. Isackson's behalf works on behalf

  of Mr. Zangrillo or Mr. Giannulli – and, likewise no lawyer or non-attorney staff

  working for Mr. Zangrillo or Mr. Giannulli has or will work in any way for Ms.

Isackson.  (Willingham Decl. at ¶ 4; Gelhaar Decl. at ¶ 5.)

- Both BSF and DCG have taken measures to ensure that physical and electronic case files for the Isackson matter are kept separate from and inaccessible to lawyers and staff working on the Zangrillo and/or Gianulli matters.  (Willingham Decl. at ¶ 4; Gelhaar Decl. at ¶ 5.)

- There has been no communication regarding the *Isackson* and *Sidoo* cases between anyone, lawyer or non-lawyer, working on Ms. Isackson's behalf and those working on behalf of Messrs. Zangrillo or Giannulli.  (Willingham Decl. at ¶ 5; Gelhaar Decl. at ¶ 6.)

- The joint representation issue was flagged and the separation and screening measures instituted prior to finalizing representation and executing Ms. Isackson's attorney-client agreements.  Counsel at BSF and DCG began taking precautionary measures from the earliest moments of their involvement in the related cases.  There has been no communication of confidential material at any time between the Isackson team and Zangrillo team at BSF or the Isackson team and Giannulli team at DCG.  (Willingham Decl. at ¶ 4-5; Gelhaar Decl. at ¶ 5-6.)  Additionally, Ms. Isackson' s counsel understands that no BSF or DCG lawyers will cross-examine Ms. Isackson or be involved in the preparation of her cross-examination.  (Willingham Decl. at ¶ 4; Gelhaar Decl. at ¶ 4.)

*Third*, in *Siddo*, the Honorable Magistrate Judge Paige M. Kelley conducted the Rule 44(c) inquiries for Messrs. Zangrillo and Giannulli as they relate to Ms. Isackson, among other conflict issues.  In both instances, the Court accepted the waiver of each defendant and permitted both to retain their chosen counsel, BSF for Mr. Zangrillo and DCG for Mr.

Giannulli.  ECF Nos. 414-16 and 540 (*Sidoo*, 19-cr-10080).  Ms. Isackson's Rule 44(c) inquiry

will, therefore, be the final step in this multi-step waiver process.

Fourth, the Government, subject to the caveats set forth above, does not oppose either

BSF's or DCG's continued representation of Ms. Isackson in this matter.  (Gelhaar Decl. at ¶ 7.)

It, like defense counsel, seeks this hearing for the purpose of satisfying Rule 44(c) and the

obligations set forth in the First Circuit's decision in *Foster*, 469 F.2d 1.  Accordingly, the

parties jointly request that this Court conduct an inquiry, as outlined below, to put on the record

Ms. Isackson's knowing and intelligent waiver of these waivable potential or actual conflicts.

This Joint Memorandum is based on the Declarations of David K. Willingham and Peter

E. Gelhaar, the Reporter's Transcripts of Rule 44(c) Hearings from Robert Zangrillo (June 11,

2019) and Mossimo Giannulli (August 27, 2019) in *United States v. Sidoo*, Case No. 19-cr-

10080-NMG,[3] the record in this case, and any presentation that this Court may permit at the

hearing on this matter.

## II.      PROPOSED RULE 44(c) INQUIRY FOR DEFENDANT DAVINA ISACKSON

The parties jointly propose that, after counsel's presentation of the Rule 44 issues

summarized above and satisfaction of the Court's questions about Ms. Isackson's representation

as it relates to the conflict issues, Ms. Isackson be placed under oath and asked, on the record, to

waive any potential or actual conflicts in order to proceed with her chosen counsel.  In

particular, the inquiry should include the following topics:

>     Competence to Proceed.  Ms. Isackson is competent to knowingly and

           intelligently waive the conflicts discussed herein.  She is not under the influence

---

[3] Ms. Isackson's counsel has not filed those transcripts but it has reviewed them and would be pleased to provide them to the Court, if helpful.

of any medication or anything that would affect her judgment.  She is ready to

proceed.

> Absolute Right to Separate Counsel.  Ms. Isackson understands that she has the

absolute right to retain separate counsel in this case.  She could afford separate

counsel if she wanted to.  She also understands that if she could not afford

separate counsel, and if financially qualified, separate counsel would be

appointed by the court at no charge.

> Risks Involved with Dual Representation.  Ms. Isackson understands the risks

involved in dual representation by BSF and also by DRG.  She has discussed the

risks with her counsel and does not wish to have a private conversation with the

Court or separate counsel regarding the dual representation issues.

> Screening and Separation Measures.  Ms. Isackson has discussed with

BSF and DRG in advance of this hearing the various steps that the

two firms have undertaken to institute robust screening and separation

measures to ensure that no confidential information about the

Isackson matter, on the one hand, passes or is available to Defendants

Zangrillo or Giannuli, on the other hand.  She has also listened to her

lawyers' discussion of those matters during this hearing.  She is

satisfied that her counsel is ensuring that her information will be kept

separate and confidential from the lawyers representing other

defendants (excluding her husband, Bruce Isackson) in these related

cases.

> The Government Does Not Oppose.  In view of the defense counsel's

representation regarding the screening and separation measures, Ms.

Isackson's stated intention to waive the conflict issues and continue to

be represented by BSF and DRG, and the Court's acceptance of

the waivers for other defendants in cases related to Ms. Isackson's

case, including particularly the waivers of Messrs. Zangrillo and

Giannuli, the Government does not oppose Ms. Isackson's continued

representation by BSF and DRG and joins in the request that the

Court accept Ms. Isackson's waiver.

> Ms. Isackson Knowingly and Intelligently Waives Her Right to Separate

   Counsel.  In view of the risks of dual representation and her absolute right to

   lawyers who represent only Ms. Isackson and not other defendants, Ms. Isackson

   wishes to continue to be represented by BSF and DRG.

> Continuing Ability to Raise Representation Issues.  If at some point in the future,

   Ms. Isackson has a question about her representation and thinks she needs to

   have a lawyer who only represents her, she understands she may contact the

   Court directly, without going through her lawyers, or will consult with and

   retain another lawyer to raise the issue.  Ms. Isackson understands, however, that

   following this hearing, in which she has knowingly and intelligently waived her

   right to separate counsel that it could be difficult to get a continuance to get new

   counsel up to speed.

> Ms. Isackson's Counsel Joins and Concurs in the Waiver.  Defense counsel are

   aware of their ethical obligations to Ms. Isackson.  Defense counsel have

   explained to Ms. Isackson the potential for conflict in light of the factors of this

case.  In view of their ethical obligations and the circumstances of  Ms.

Isackson' s representation, defense counsel do not have any reservations about

their respective firms' dual representation of Ms. Isackson, on the one hand, and

Messrs. Zangrillo and Giannulli on the other.

> Execution and Acceptance of Written Waivers.  Ms. Isackson's waivers need to

be in writing and she should execute two waivers, one relating to BSF and

another relating to DRG.  She will execute the waivers, unsigned versions of

which are attached, in the Court's presence.

WHEREFORE, the parties respectfully request that the Court engage in the Rule 44 colloquy as

aforesaid.

Dated:  January 13, 2020

Respectfully submitted,

ANDREW LELLING
United States Attorney


By: */s/ Eric S. Rosen*
   Eric S. Rosen
   Assistant United States Attorney

Respectfully submitted,

DAVINA ISACKSON
By her attorneys,

*/s/ David K. WIllingham*
David K. Willingham (*pro hac vice*)
Michael V Schafler (*pro hac vice*)
BOIES SCHILLER FLEXNER LLP
725 South Figueroa Street, 31st Floor
Los Angeles, CA 90017
(213) 629-9040
dwillingham@bsfllp.com
mschafler@bsfllp.com

Peter E. Gelhaar (BBO# 188310)
Alexander K. Parachini (BBO# 569567)
DONNELLY, CONROY & GELHAAR, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
(617) 720-2880
peg@dcglaw.com
akp@dcglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that this document will be filed manually and will be sent by electronic mail to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will also be sent to those same parties as well as any parties indicated as non-registered participants on January 13, 2020.

*/s/ David K. Willingham*
David K. Willingham

9