UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>(2) DAVINA ISACKSON   )<br>)<br>Isackson.   )<br>) | Criminal No. 19-10115-PBS<br><br>**FILED UNDER SEAL** |

### GOVERNMENT'S MEMORANDUM CONCERNING HEARING REGARDING CONFLICTS OF INTEREST

The government respectfully submits this memorandum in response to the Court's order of January 13, 2020 (Dkt. 354) concerning the issues regarding the representation of a cooperating defendant, Davina Isackson, by law firms that are currently concurrently representing defendants (Robert Zangrillo and Mossimo Giannulli) directly adverse to Isackson.

As this Court is aware, Defendant Davina Isackson (hereinafter, "Isackson") is currently represented by the law firms of Boies Schiller Flexner LLP ("Boies Schiller") and Donnelly, Conroy & Gelhaar LLP ("DCG"). Boies Schiller, in turn, also represents defendant Robert Zangrillo, who has been charged under 19-CR-10080-NMG with being part of the same conspiracy as Isackson. DCG, in addition to Isackson, also represents defendant Mossimo Giannulli, who, like Zangrillo, has been charged under 19-CR-10080-NMG. ██████████████████████████████████████████████████████████████████████████████████████████████████████[1] Accordingly, given that Isackson

---

[1] Zangrillo and Giannulli are both charged with agreeing to participate in what has been known as the "side door" admissions bribery scheme at the University of Southern California ("USC"). Isackson has pled guilty to being involved in that same scheme, amongst others. In fact,

is directly adverse to both Zangrillo and Giannulli, Rule 1.7 of the Massachusetts Rules of Professional Conduct (hereinafter, "Rule 1.7") applies. *See* Mass. R. Prof'l C. 1.7 ("a lawyer shall not represent a client" where "(1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client …"); *see also* Mass R. Prof'l C. 1.10(a) (imputing the conflict of one attorney in a law firm to all others in that firm).

In prior briefing before Magistrate Judge M. Page Kelley, the Government described this conflict to the Court. The Government noted, with respect to Boies Schiller, that Isackson and Zangrillo were represented by different lawyers at Boies Schiller who practiced in different offices on opposite coasts. Further, because Boies Schiller had established a "wall" intended to prevent the exchange of confidential information between the two sides, those procedures could be sufficient, upon the Court's determination, to pass muster under Rule 1.7 as long as both parties waived the conflict. *See* Exhibit A [May 23, 2019 brief filed by the Government regarding conflicts of interest]; Exhibit B [July 12, 2019 reply brief regarding conflicts of interest].

With respect to the conflict between Isackson and Giannulli, the Government described how DCG is a Boston-based firm with just 11 attorneys. *See* Exhibit C [June 10, 2019 reply brief regarding conflicts of interest]. Accordingly, both Giannulli and Isackson are represented by the same small law firm and by attorneys who practice in the very same office. It is questionable as to whether a "wall" could ever adequately safeguard client confidences in a firm of DCG's size.

---

Isackson's daughter was admitted to USC as a fake crew recruit, as were the children of Giannulli.

The Government continues to believe that the representation of Giannulli and Isackson by the same small law firm (DCG) is problematic and should be scrutinized by this Court.[2]

                                        Respectfully submitted,

                                        ANDREW E. LELLING
                                        United States Attorney

By:    */s/ Eric S. Rosen*
        ERIC S. ROSEN
        JUSTIN D. O'CONNELL
        LESLIE A. WRIGHT
        KRISTEN A. KEARNEY
        Assistant United States Attorneys

Date: January 27, 2020

Certificate of Service

    I hereby certify that on January 27, 2020, I served a copy of the foregoing on counsel of record in this case via electronic mail.

                                        */s/ Eric S. Rosen*
                                        ERIC S. ROSEN
                                        Assistant United States Attorney

---

[2] As relevant here, Isackson was the first to retain DCG, with attorneys from DCG (Peter Gelhaar and Alexander Parachini) filing their notices of appearance on her behalf on March 15, 2019. Attorneys George Vien and Joshua Ruby from DCG did not file a notice of appearance in 19-CR-10080-NMG on behalf of Giannulli until May 29, 2019 at Dkt. 386, approximately one month *after* Isackson pled guilty before this Court. In total, seven attorneys have filed notices of appearances on behalf of Giannulli. *See Altova Gmbh v. Syncro Soft Srl.*, 320 F.Supp.3d 314 (2018) (Saris, J.) (explaining the "hot potato" doctrine involving conflicts of interest and ruling that "an attorney may not avoid the strict requirements of Rule 1.7 by simply dropping a present client to convert it into a former one.").