**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

———————————————————————————
                                    )
UNITED STATES OF AMERICA,           )
                                    )
v.                                  )        Criminal Action
                                    )        No. 19-10115-PBS
DAVINA ISACKSON                     )
                    Defendant.      )
———————————————————————————         )

## ORDER RE CONFLICTS OF INTEREST

February 4, 2020

Saris, D.J.

After hearing and colloquy, the Court finds Davina Isackson
has knowingly and voluntarily waived her attorneys' conflicts of
interest and the Court accepts those waivers. She has signed
written waivers, which are entered on the Docket.

Ms. Isackson is represented by attorneys from the firms of
Boies Schiller Flexner LLP and Donnelly, Conroy & Gelhaar, LLP.
Other attorneys at each firm concurrently represent criminal
defendants who have pled not guilty in a related case (Robert
Zangrillo and Mossimo Giannulli, respectively, in Criminal Case
No. 19-10080 before Judge Nathaniel M. Gorton). Ms. Isackson is
cooperating with the Government and may be called as a witness
in the trial of Mr. Zangrillo and/or Mr. Giannulli.

The concurrent representation of Ms. Isackson and the
defendants against whom she is cooperating constitutes a
conflict of interest under Massachusetts Rule of Professional

1

Conduct 1.7 because Ms. Isackson is "directly adverse" to those defendants and "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client." Mass. R. Prof'l Conduct 1.7(a)(1)-(2). A concurrent conflict of interest may be waived so long as "each affected client gives informed consent, confirmed in writing." Mass. R. Prof'l Conduct 1.7(b)(4). Nonetheless, a court "may decline a proffer of waiver" where it "justifiably finds an actual conflict of interest." Wheat v. United States, 486 U.S. 153, 162 (1988).

In this case, the delay in informing the Court is troubling. Still, the Court is persuaded that the present conflict is waivable for the following reasons:

1) Neither the Government, nor any affected party, has objected to the continued representation of Ms. Isackson by her present attorneys.

2) Ms. Isackson has been informed of the risks posed by the present conflict of interest, including the concern that some of these risks are unknowable and subject to change based on developments in her case or the related case.

3) Ms. Isackson has been informed of her right to consult separate counsel on whether to waive the present conflict of interest and has declined to do so.

4) Ms. Isackson has been informed that she may communicate with the Court if she develops concerns about her counsel in the future. The Court held an <u>ex parte</u> hearing with Ms. Isackson on January 30, 2020 to ensure her waiver was knowing and voluntary.

5) Boies Schiller Flexner and Donnelly, Conroy & Gelhaar have instituted ethical walls between the attorneys representing Ms. Isackson and those representing Mr. Zangrillo or Mr. Giannulli. No lawyers or non-attorney staff working on Ms. Isackson's behalf has worked or will work on behalf of Mr. Zangrillo or Mr. Giannulli, and vice versa. Additionally, physical and electronic case files related to Ms. Isackson are kept separately from files related to Mr. Zangrillo or Mr. Giannulli. Those files are accessible only to members of each defendant's team.

6) These ethical walls were instituted immediately upon retention of present counsel, in the case of Boies Schiller Flexner, and within days of Mr. Giannulli's retention of counsel, in the case of Donnelly, Conroy & Gelhaar. No attorney at Boies Schiller Flexner representing Ms. Isackson has ever represented Mr. Zangrillo and no attorney at Donnelly, Conroy & Gelhaar representing Ms. Isackson has ever represented Mr. Giannulli, and vice versa. The attorneys representing Ms. Isackson have never discussed her case with the attorneys representing Mr. Zangrillo or Mr. Giannulli, and vice versa.

7) A designated person at Boies Schiller Flexner and at Donnelly, Conroy & Gelhaar who is not involved in the representation of Ms. Isackson, Mr. Zangrillo, or Mr. Giannulli will communicate monthly reminders of the requirements related to these ethical walls to all attorneys and non-attorney staff working on either matter.

8) In the event of a trial in the related case, no attorney from Boies Schiller Flexner or Donnelly, Conroy & Gelhaar will be involved in the cross-examination of Ms. Isackson or in the preparation for such cross-examination. No attorney from either firm will refer to Ms. Isackson in opening or closing statements.

9) In addition, no attorney from Boies Schiller Flexner or Donnelly, Conroy & Gelhaar who represents the defendants Mr. Zangrillo and Mr. Giannulli will receive discovery in the related case that was produced to the Government by Ms. Isackson. Counsel for Ms. Isackson and the Government will ensure that such documents are appropriately marked to allow for screening.

In light of the above, the Court accepts Ms. Isackson's signed waivers.

All attorneys have an ongoing duty to inform the Court of any breaches of this order or a material change in circumstances.

4

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge